H. C. GIRARD COMPANY *vs.* FREDERICK A. LAMOUREUX & others.

Middlesex.    March 26, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Trust,* Constructive. *Corporation,* Officers and agents. *Landlord and Tenant. Equity Jurisdiction. Equity Pleading and Practice,* Parties. *Evidence,* Presumptions and burden of proof. *Agency.*

Where one, who was the president, treasurer, manager and a director of a corporation engaged in trade, through a long and intimate knowledge of its affairs knows that, by reason of long occupancy of certain premises as a store by itself and by a partnership which it had succeeded in business, the corporation had built up a valuable good will in connection with the store in that location, that the location had a peculiar value and that the corporation's occupancy was as a tenant at will, if, upon the passage of a vote of the directors of the corporation purporting to depose him as president, treasurer and manager but leaving him in the office of a director, he procures from the landlord a lease of the premises to his, the director's, wife for a term of one year, the landlord and the wife both knowing of the value of the location to the corporation and of the vote of the corporation as to the director, and if the wife thereupon gives to the corporation notice to vacate the premises without delay, a suit in equity may be maintained by the corporation against the director, his wife and the landlord in which it may be found that the lease to the wife was for the benefit of her and the director, that he acted as her agent and that she was bound by his knowledge, and she may be declared to hold the lease as a constructive trustee for the corporation.

Where a bill in equity by a corporation is signed by a certain person as one of its directors and the defendant does not question the authority of the director either in his pleadings or at the trial on the merits, and the corporation raises no such question, it must be presumed that the suit was brought with the corporation's authority, and that, if the bill originally was signed without authority, the act of signing afterwards was ratified by the corporation.

BILL IN EQUITY, filed in the Superior Court on October 9, 1916, against Frederick A. and Jennie L. Lamoureux and George N. Osgood, seeking to have the defendant Jennie L. Lamoureux declared to be a constructive trustee for the plaintiff of a lease by the defendant Osgood to her of premises occupied by the plaintiff for store purposes.

In the Superior Court the suit was heard by *Lawton,* J. Material facts found by him are stated in the opinion. He reserved and reported the suit to this court for determination.

*A. S. Howard,* for the plaintiff.

*J. J. Higgins,* (*A. O. Hamel* with him,) for the defendants Lamoureux.

CROSBY, J. This case is before us upon a reservation and report made by a judge of the Superior Court upon the pleadings, an agreed statement of facts and certain findings of fact made by him.

The plaintiff is a corporation engaged in the business of buying and selling hardware and paints at stores numbered 442 and 444 on Merrimack Street in Lowell in this Commonwealth. It was incorporated on April 1, 1906, the business before that date having been carried on by a partnership. For several years before the formation of the corporation and ever since, the business has been conducted at the above named stores. At the date of the bringing of this suit the plaintiff occupied the stores as a tenant at will of the defendant Osgood.

The defendant Frederick A. Lamoureux was elected a director of the company and also was elected its president and treasurer on or about April 1, 1906, and also acted as manager of the company. He continued to hold those offices from year to year until at least October 4, 1916. On the last named date a meeting of the directors was held and votes were passed which purported to remove him from the offices of president and treasurer and to elect one Dozois to such offices for the unexpired term.

We do not deem it necessary to determine whether the meeting of the directors above referred to, or the action then taken was valid, because it is found that no action was taken at this meeting, or at any other, to remove Lamoureux from his office as a director.

On the day following the meeting of the directors held on

October 4, 1916, the defendant Frederick A. Lamoureux pro-
cured from the defendant Osgood, the owner of the premises
numbered 442 and 444 on Merrimack Street, a written lease
thereof to the defendant Jennie L. Lamoureux for the term of
one year from October 5, 1916. On the same date she notified
the plaintiff that she held the lease and notified it to vacate the
premises without delay. It is found by the trial judge that the
plaintiff before October 5, 1916, had built up a valuable good will
in connection with the stores in the location in question by its
ten years occupancy of them, and that the "location had a pecu-
liar value, being on the main street of the city of Lowell and about
midway between two other stores of a similar business and at a
fair distance from each."

The judge also found that the fact, that the plaintiff and its
predecessors had always occupied the premises as a tenant at
will, was learned by Mr. Lamoureux by reason of his employment
and before October 5, 1916; that he "procured the lease in ques-
tion in the name of his wife . . . for the purpose of acquiring the
good will attached to the stores and of obtaining the same for his
own benefit and that of his wife;" that both "Jennie L. Lamou-
reux and George N. Osgood knew that the stores were of a peculiar
value to the plaintiff for carrying on its business and both knew
of the occurrences at the meeting of the previous day."

The report before us does not include the evidence and we
cannot say that the facts as found by the trial judge were not
warranted.

Aside from the question whether Lamoureux held the offices of
president and treasurer when he obtained the lease, or had been
legally removed therefrom on the previous day, it is plain that he
continued to be a director in the plaintiff corporation. While
such an officer the trial judge finds as a fair inference from the
other facts found that he learned during the course of his em-
ployment of the peculiar value which these premises had for the
plaintiff; this finding, in connection with the other findings,
including the finding that Mrs. Lamoureux and the defendant
Osgood also knew that the stores were of peculiar value to the
plaintiff for the carrying on of its business, present a case for
equitable relief. The findings of fact together with the reasonable
inferences to be drawn therefrom, clearly show that when Frede-

rick A. Lamoureux took the lease in the name of his wife for his own benefit and that of his wife, he acted as her agent and she is bound by the knowledge which he had as such agent of facts which would prevent him from obtaining a lease of the stores contrary to the rights of the plaintiff and to its detriment.

The defendant Jennie L. Lamoureux is to be treated as a constructive trustee and as holding the lease for the benefit of the plaintiff. *Essex Trust Co.* v. *Enwright*, 214 Mass. 507. *American Stay Co.* v. *Delaney*, 211 Mass. 229. *Peabody* v. *Norfolk*, 98 Mass. 452. *Helmore* v. *Smith*, 35 Ch. D. 449. *Robb* v. *Green*, [1895] 2 Q. B. 1. *Kirchner* v. *Gruban*, [1909] 1 Ch. 413, 422.

The bill of complaint is signed by "The H. C. Girard Company, By Annette A. Girard, One of the directors." The defendants in their brief contend that no authority is shown to have been given to her to bring the bill, and that therefore it should be dismissed. It does not appear that this objection was pleaded by the defendants or raised at the trial before the judge of the Superior Court. Under these circumstances the bringing of the suit may be presumed to have been duly authorized in the absence of any evidence to the contrary. Besides the plaintiff has not raised this question, and the suit having been tried on its merits in the Superior Court without any contention having there been made that it was not authorized, the plaintiff is presumed to have ratified it even if originally brought without authority.

A decree is to be entered directing the defendant Jennie L. Lamoureux to assign the lease to the plaintiff on being paid the amount of the rent if any paid by her under it; that the defendant Osgood be directed to recognize the plaintiff as lessee under the lease; and that the defendants Frederick A. Lamoureux and Jennie L. Lamoureux be enjoined from interfering with the plaintiff's occupancy of the premises during the term of the lease and its extensions if any.

The plaintiff is to recover its costs against the defendants except Osgood, who, because of the agreement of parties, is neither to recover nor to be charged with costs.

*So ordered.*