## WALKER v. BAHNSEN.

No. 15943—Opinion Filed Oct. 27, 1925.

Rehearing Denied Dec. 8, 1925.

1. **Appeal and Error—Review — Discretion of Trial Court—Dismissal for Failure to Make Petition More Definite.**

This court will not disturb the action of the trial court in dismissing plaintiff's action for failure to comply with the order of the court requiring the petition to be made more definite and certain, where an abuse of discretion is not disclosed by the record, unless the plaintiff cites some authority opposed to the ruling of the court thereon.

2. **Same—Dismissal Sustained.**

Record examined; held, to be sufficient to support the action of the court in dismissing plaintiff's suit.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by E. H. Walker against John E. Bahnsen for specific performance of an express trust to convey real estate resting in parol. Original petition amended to recover for debt for alleged services rendered defendant, aiding in procurement of deed. Plaintiff failing to file amended petition specifying nature of services to be performed, court sustains motion to dismiss action, and plaintiff appeals. Affirmed.

Eck E. Brook and A. L. Brook, for plaintiff in error.

George Miller, Jr., and Chas. R. Freeman, for defendant in error.

Opinion by STEPHENSON, C. The defendant became the owner of the real estate described in plaintiff's petition by deed of grant from full-blood Indian heirs duly approved by the county court. The plaintiff commenced the action against the grantee for the specific performance of an oral agreement to convey to the plaintiff an undivided one-half interest in the land. The plaintiff alleged that the consideration for the conveyance to him was his services and

influence in causing the grantors to convey the land to the defendant. The trial of the cause resulted in judgment declaring the defendant to hold the undivided interest in the real estate as trustee for the use and benefit of the plaintiff. The defendant appealed the cause to this court, which was reversed and remanded on the ground that plaintiff neither stated nor proved a cause of action against the defendant. Thereafter, the plaintiff filed his amended petition, wherein he alleged that the contract with the defendant was that the former should use his services and influence in causing the full-blood Indian heirs to convey the property to the defendant. The petition further alleged that the property had a potential value for oil and gas, and that his services were of the value of an undivided one-half interest in the land, equal to the sum of $10,000. The defendant filed a motion to require the plaintiff to make his petition more definite and certain, in that the latter be required to set forth in an amended petition the nature of the services which the plaintiff was to perform for the defendant, and the services he performed for the defendant pursuant to the alleged agreement. The plaintiff undertook to comply with the order of the court by filing a second amended petition, which set forth that he was to give his services and use his influence in causing the grantors to make the conveyance to the defendant. Thereupon, the defendant filed his motion to strike the second amended petition from the files for the reason that the plaintiff had failed to comply with the order of the court. The court sustained the motion and the plaintiff refused to plead further, and the court thereupon dismissed the action.

The plaintiff has appealed the cause to this court, and assigns the action of the trial court, in striking the amended petition and dismissing his action for his failure to plead further, as error for reversal here. The plaintiff does not cite any authorities from this court, or any other court, to show that the ruling of the court was error. The plaintiff in error is contented to set forth an abstract of the proceedings and rest his appeal upon the mere statement that he has suffered an injury from the ruling of the court. The opinion in the former appeal is reported in 89 Okla. 143, 214 Pac. 732. The allegation in the first amended petition, undertaking to describe the nature of the services the plaintiff was to perform for the defendant, is indefinite and uncertain. In this case the defendant was entitled

to a more definite statement of the services which the plaintiff claimed that the defendant contracted for, in procuring the conveyances. The allegation in the second amended petition in relation to the nature of the services to be performed is equally indefinite. It would have been an easy matter for the plaintiff to set forth in his second amended petition a description of the services the defendant contracted for, and the nature of the services he rendered for the defendant in procuring the conveyances. The second amended petition does not offer any reason or excuse for the failure of the plaintiff to comply with the order of the court requiring him to make his first amended petition more definite and certain in relation to the contract. The action of the court in dismissing the suit after the plaintiff refused to make such allegations is without error. Long v. McFarland, 58 Okla. 321, 159 Pac. 653.

The defendant in error submits the further proposition to sustain the action of the court, that the first and second amended petitions constituted a departure from the original action, and that the amended petition should have been stricken on this ground. The case of St. Paul Fire & Marine Ins. Co. v. Mt. Park Stock Farm, 23 Okla. 79, 99 Pac. 647, is cited in support of the proposition. The first action was for the specific performance of a conveyance of real estate, and the second cause of action set forth in the amended petition was for the recovery of debt upon contract. It is not necessary to pass upon this question, as we do not find error in the action of the court in striking the second amended petition for failure to comply with the order of the court.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 829, § 2812. (2) 4 C. J. p. 1129, § 3122.