## GRAHAM v. SULTAN et al.

No. 17331—Opinion Filed Nov. 23, 1926.

(Syllabus.)

**Appeal and Error—Review—Alleged Error in Dismissal of Cause for Failure of Plaintiff to Amend Petition Pursuant to Order.**

Where plaintiff's pleading, whether a petition or amended petition, is on motion of the defendants directed to be made more definite and certain in the particular named in the motion, or a document referred to in the petition ordered attached thereto, and time given on request by the trial court for the plaintiff to comply therewith, and plaintiff fails to comply therewith, and no excuse is offered for such failure, the action of the trial court in dismissing the cause for failure to comply with the order of the trial court cannot be held by this court to be reversible error, unless it is made to appear by the plaintiff in error under proper assignment that the order directing the document to be attached and directing the petition to be made more definite and certain were themselves erroneous.

Error from District Court, Cotton County; E. L. Richardson, Judge.

Action by W. N. Graham against R. H. Sultan and others. Judgment dismissing case, and plaintiff brings error. Affirmed.

Saunders & Emerick, for plaintiff in error.

Madden & Hubbell, for defendant in error R. H. Sultan.

Stevens & Cline, for defendants in error W. E. Lokey, H. L. Drumright, W. K. Lokey, and A. H. Graham.

BRANSON, V. C. J. Herein is presented error from the district court of Cotton county. In said court W. N. Graham, as plaintiff, sued R. H. Sultan, W. E. Lokey, H. L. Drumright, A. H. Graham, and W. K. Lokey. The parties appear here in the same relative position as they did in the trial court. They are, therefore, referred to as plaintiff and defendants.

The judgment from which the plaintiff appeals was entered on the 8th day of January, 1926. On that date the cause was heard upon a motion theretofore filed by R. H. Sultan, one of the defendants, in which motion the said R. H. Sultan prayed the court to dismiss plaintiff's action on the ground that the plaintiff had failed and neglected to prosecute the same with proper and due diligence. Omitting the formal parts of the judgment entered on said motion, it is therein recited:

"It is therefore the order of the court that said action be and the same is hereby dismissed as to the defendant R. H. Sultan. And to the above and foregoing orders of the court striking said amended petition from the files and dismissing said action as to the said R. H. Sultan, the plaintiff excepts and exception is allowed. Whereupon the plaintiff gives notice in open court of his intention to appeal to the Supreme Court of the state of Oklahoma, and the court clerk is directed to enter the giving of said notice on the trial docket of this court."

Time was extended within which to make and serve case-made, and within such time the case was duly served, settled, and signed.

It is apparent from the said closing paragraph of the judgment entered that the trial court dismissed plaintiff's action as to the defendant Sultan and struck plaintiff's amended petition from the files.

The first assignments of error made by the plaintiff are:

"That the court erred in sustaining the motion to strike the amended petition of said plaintiff in error. and in dismissing said cause."

The record in this case reveals a situation much out of the ordinary. It discloses that the plaintiff, Graham, filed his suit against the defendant Sultan and others. but there is nothing in the record to disclose the date when his petition was actually filed. It must have been, however, some time in the spring of 1924, for one of the defendants pleads to the said petition in May, 1924. On the 21st day of August. 1924, plaintiff secured leave of court to file an **amended** petition within 15 days. An amended petition was not filed within the 15 days allowed, and was not up to the 8th day of October, 1924, on which date plaintiff was given ten days in which to amend his petition. On October 15, 1924. plaintiff filed what is shown by the record to be "Petition", purporting to be what he had on the 8th day of October 1924, secured an extension of time to file. Thereafter the defendants filed a motion to make more definite and certain, which was on the 2nd day of March, 1925, sustained. Whereupon plaintiff filed what was denominated "Bill of Particulars". Thereafter. and on March 6. 1925, the defendants filed a motion to strike the so-called "Bill of Particulars." which was on the 7th day of March 1925, sustained. On March 23, 1925, plaintiff filed what is styled "Second Amended Petition." On the 26th day of March. 1925 the defendants filed a motion to require the plaintiff to attach to his petition or petition as amended certain alleged documents re-

ferred to therein, and to make the petition more definite and certain. On the 14th day of May, 1925, the said motion was sustained and plaintiff given 60 days to amend. This was not done, but on the 28th day of August, 1925, plaintiff was given 30 days to file what is referred to as "Amended Petition." In the order granting permission, it is recited:

"If plaintiff fails to file same within said time case will be dismissed."

On September 28, 1925, there was filed by the plaintiff another document which was denominated "Amended Petition." On the 24th day of November, 1925, the defendants filed a motion to make this last so-called amended petition more definite and certain, which motion was on the 27th day of November, 1925, sustained and plaintiff allowed 15 days to amend. This was not done, and on the 17th day of December, 1925, there was filed a motion by defendants setting up that the last order of the court had not been complied with within the time given by the court, and prayed the court that the cause of action be dismissed. This motion to dismiss was on the 8th day of January, 1926, overruled and plaintiff allowed to amend instanter. Thereupon the defendants filed a motion to dismiss for the reason and upon the ground that plaintiff's pleading had not been amended in compliance with the order of the court, in that the exhibits required to be attached thereto by order of the court had not been so attached, and this motion was on said date sustained by the trial court and the cause dismissed.

It will thus be seen that there was a series of amendments or attempted amendments running from the spring of 1924 to January, 1926, until finally on the 8th day of January, 1926, the motion to strike plaintiff's pleading and dismiss his action for failure to comply with the order of the court requiring that certain exhibits be attached hereto was sustained.

As set out above, the first allegations of error are:

"That the court erred in sustaining a motion to strike the amended petition of the plaintiff in error and dismissing the cause."

If we were inclined to be technical, we would be forced to the conclusion from the record that we cannot tell what pleading he plaintiff refers to as his **amended petition.** Plaintiff filed five or six so-called petitions or amended petitions, at no time designating the pleading as to whether it was the first, second, third, fourth, or fifth

amended petition. The record fails to disclose that the plaintiff at any time elected to stand upon his pleading, when either of the numerous motions filed by the defendants directed at the sufficiency of such pleading was sustained by the trial court, but each time secured from the trial court additional time within which to comply with its orders, and it is impossible to tell from the brief filed herein by the plaintiff as to which one of his so-called petitions or amended petitions he contends is sufficient as a matter of law. We have searched the brief of the plaintiff filed herein on his above-quoted allegations of error, and fail to find that the plaintiff has anywhere mentioned or contended that the order of the trial court directing plaintiff to attach to his pleading certain documents was erroneous. It must be borne in mind that the trial court had required by order that the documents in question be attached to the amended petition, or whatever plaintiff called it, certain written instruments. To attach those instruments time had been given plaintiff. Plaintiff failed to comply with said order of the court, and on motion of the defendants by reason thereof the court struck his pleading and dismissed the cause.

It being well settled that this court will indulge the presumption that the order and judgment of the trial court was correct under the law, and there being nothing presented here to show that the trial court erred in requiring that the documents be attached, and nothing shown to excuse the plaintiff in not attaching the same, we are unable to conclude that there is anything presented which would warrant this court in reversing the order and judgment of the district court.

In the case of Long v. McFarlin, 58 Okla. 321, 159 Pac. 653, this court said:

"Where plaintiffs obtain leave to amend their petition by making it more definite and certain in certain particulars ordered by the court and the amendment fails so to do, held that the court did right in striking the amendment from the files."

Certainly upon the failure of the plaintiff to comply with the order of the court in the instant case the trial court would have power to dismiss the action under section 664, C. O. S. 1921, and subdivision 4 thereof. The judgment of the trial court is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. pp. 762, 762 Anno) §2706.