### KIRTLEY et al. v. KIRTLEY.

No. 20636. Opinion Filed April 8, 1933.

E. B. McMahan, and Hayes & Richardson, for plaintiffs in error.

I. E. Hill and O. S. Shaw, for defendant in error.

OSBORN, J. This action was instituted in the district court of Cimarron county by O. E. Kirtley against Charles A. Kirtley and Mary Ellen Kirtley, his wife, to recover an interest in certain real estate which plaintiff alleges the parties had earned as profit in a real estate transaction. The cause was tried to the court and resulted in a judgment in favor of plaintiff, and defendants have appealed.

The record herein is voluminous and involves a great number of transactions covering a period of several years, and we will state herein only the facts which are necessary in the determination of the issues presented by this appeal.

The petition of plaintiff alleges that a certain piece of property, known as Bivens' Ranch, in Cimarron county, was being foreclosed under a mortgage to the Commercial National Bank of Kansas City and certain other banks for a total indebtedness of $50,000, that the banks were offering to compromise and settle the entire indebtedness for $10,000; that about this time plaintiff and defendant, Charles A. Kirtley, entered into a verbal agreement whereby they agreed that they would try to find a purchaser for said ranch, and, in the event they were successful, that they would divide equally all profits or commissions made from the sale of said property.

Plaintiff alleges that they secured the services of one Orin Snapp, a real estate broker at Guthrie, to assist them in making the sale, and that plaintiff secured one B. W. Murphy as a purchaser for the Bivens' Ranch; that they made a deal with Murphy whereby Murphy agreed to purchase the land and it was further agreed that the banks should continue the foreclosure proceeding, purchase the land at sheriff's sale, and convey same to Murphy, with the exception of a portion of the ranch property known as the "Baker Ranch" and 320 acres of the land known as the "River Land"; that thereafter the deal was consummated, and the land deeded to Murphy by the banks after the sale under foreclosure.

Plaintiff alleges that it was their agreement and understanding that the profits of the transaction were to be divided between plaintiff, defendant, and Orin Snapp, and that the property known as the Baker Ranch was to be delivered to Bivens as a consideration for his allowing the case to proceed to judgment without contest; that as the profits of said transaction, plaintiff and defendant became the owners of the land known as the "Baker Ranch" in Cimarron county and certain town property located at Guthrie, Britton, and Bristow, Okla. The three latter properties were to be deeded to them by Murphy as a part of the consideration for the purchase of the Bivens, Ranch, but deeds executed by Murphy were delivered to defendant, Charles A. Kirtley, with the name of the grantee omitted; that the defendant inserted in said deeds the name of his wife, Mary Ellen Kirtley, as grantee, and had the deeds recorded, and now refuses to account to plaintiff for his share in said property according to the terms of their original agreement.

The defendant, by way of answer, denied generally the allegations of plaintiff's petition and denied that plaintiff had any right to share in the profits arising from the sale of the ranch, alleging that he was not a party to the transaction, and by way of cross-petition, pleaded a number of items, including checks and notes, which he alleged plaintiff owed him.

Plaintiff thereupon filed a reply, in which he pleaded a full settlement of the various items of indebtedness charged in the answer and cross-petition, and alleged certain other indebtedness due him from the defendant. At the trial of the cause, the court found

that plaintiff was entitled to be declared the owner of an undivided one-third interest in the equities in the properties located at Guthrie, Britton, and Bristow, and the owner of an undivided one-half interest in the 'Baker Ranch" in Cimarron county, and further found that the property located in Britton had been sold, and that the equity of plaintiff in said property was $175, for which amount he granted judgment. The court further found that there had been a complete settlement between the parties as to the items of indebtedness mentioned in defendant's answer and cross-petition, and that the court had no jurisdiction to grant relief as to items of indebtedness set up in the reply of plaintiff.

The record shows that after the property in question had been placed in the name of Mrs. Kirtley, she deeded the property to her brother, H. L. Snell, said deed being without consideration, and that thereafter her brother deeded the same back to her. She testified, however, that these transactions were made on account of the attitude of Bivens, who was threatening to sue for the recovery of said property, and that they had reason to believe that Bivens would not sue if it was made to appear of record that the land had been transferred to another party. The record also shows that she executed a mortgage on the property to her father, claiming a pre-existing debt between them.

An examination of the record discloses a sharp conflict in the testimony of the witnesses for plaintiff and defendant in regard to the material issues in this case.

The defendant contends, first, that plaintiff's recovery of an interest in the Baker Ranch is unwarranted by plaintiff's own evidence. In this connection plaintiff testified that it was a part of the original contract between the parties that the Baker Ranch was to go to B. L. Bivens as a consideration for his allowing all of the property to go to judgment and sale without contest. The record is not clear as to why this property was not delivered to Bivens, but it is apparent that some misunderstanding had developed between the defendant Kirtley and Bivens, and that Kirtley was still holding title to this land. At the trial plaintiff conceded that the property was rightfully the property of Bivens, but contended that, unless it was delivered to Bivens, he was entitled to one-half of it according to the terms of their original contract.

Plaintiff testified that he was willing to deed his part of the said Baker Ranch to Bivens provided defendant would do the same. Defendant urges that plaintiff cannot recover an interest in this property since by his own testimony he admits that the property actually belongs to a third person. However, it must be borne in mind that Bivens is not a party to this suit, and, so far as this record is concerned, Bivens is making no claim to said lands; consequently, the issues before this court are between plaintiff and defendant. Apparently the trial court found the facts regarding the original contract in plaintiff's favor, and, by virtue thereof, held that, as between the parties hereto, plaintiff was entitled to an interest in the land. Defendant cannot justify his claim to the land by virtue of an interest of a third person who is not a party to this action. Since the court is not concerned with the rights of Bivens at this time, we must conclude that the trial court did not err in granting to plaintiff an interest in said land, unless Bivens asserts his rights therein, as this land came to defendant as a part of the profits of said transaction.

Defendants further contend that the evidence is insufficient to justify a judgment against the defendant, Mary Ellen Kirtley, who holds the record title to the property in question. They contend, in effect, that she is a bona fide holder of said property for a valuable consideration, and was not a party to any fraud practiced upon plaintiff by her husband. The testimony of the defendants is to the effect that the consideration involved in the transfer of the lands to Mrs. Kirtley was a pre-existing debt; that she had from time to time furnished sums of money to her husband which were expended for various purposes in connection with operating a ranch. A number of canceled checks were introduced in evidence by the defendants, signed by Mrs. Kirtley, which she testified represented funds advanced to her husband. On cross-examination, it developed that a number of these checks were given for the purchase of cattle which were later sold by her at a profit.

The property transferred herein, between the defendants, is, in fact, the subject-matter of this litigation. To sustain the transfer of the property would be to effectually defeat plaintiff's claim, and his entire cause of action must fail, regardless of the evidence presented and regardless of the degree of fraud proved against the defendant Charles A. Kirtley.

The trial court found that the defendant, Charles A. Kirtley was not entitled to com-

plete legal title to the property involved, but only to an interest therein at the time he inserted the name of his wife in the deeds delivered to him in blank by Murphy. The trial court further found that the interest of plaintiff, O. E. Kirtley, existed from the incipiency of the transaction. Defendant Charles A. Kirtley had full knowledge and notice of the right of the plaintiff, for said rights grew out of an agreement between him and said plaintiff, and related to the identical property, title to which was placed of record in the name of his wife by means of inserting her name in the deeds executed in blank and delivered to him.

Under this state of the record the defendant Mary Ellen Kirtley is in no position to urge that she is an innocent purchaser for value without notice, even though we should adopt the theory rejected by the trial court that she had paid a valuable consideration by reason of the pre-existing indebtedness claimed by her against her husband. The legal title was not conveyed to her husband and thereafter by him transferred to her, but the title came from a third person through the agency of her husband, who is charged with full knowledge and notice as to the interest and equity of the plaintiff in this case.

In the case of Bray v. Booker (N. D.) 79 N. W. 293, it is said:

"A husband was indebted to his wife in the sum of $6,000. He promised to purchase a home and place the title in her name. With her knowledge and consent, he negotiated for and purchased a house and lot, and procured the deed to be made in her name, and delivered the same to her. She received the same in actual ignorance of the terms and conditions of the purchase; but held, that the husband was the agent for his wife in making the purchase, and in law she is chargeable with full knowledge of the details of the transaction and does not occupy the position of an innocent purchaser for value from her husband."

See, also, Spangler v. Kittel, 172 Wis. 583, 179 N. W. 758; H. C. Girard Co. v. Lamoureux, 227 Mass. 277, 116 N. E. 572.

As heretofore stated, the consideration claimed by defendants to support these transfers of property was a pre-existing debt, involving a number of transactions covering a space of several years. A number of canceled checks were produced, showing the expenditure of large sums of money; however, there is some question as to whether these represented money actually loaned to Charles A. Kirtley from his wife, or whether they represented investments made by the wife in certain other property which resulted in profit to her. The trial court evidently adopted the latter view, and concluded the evidence was insufficient to show a fair and valuable consideration for the transfer of the property. Without launching into a discussion of the entire record, which is voluminous, it is sufficient to say that, in view of all the record facts, this conclusion of the trial court is not against the weight of the evidence.

It is further contended by defendants that the court erred in rendering a money judgment in favor of plaintiff in the sum of $175, which represented his equity in certain property located at Britton, Okla., which had been sold by defendants. This contention is based upon the failure of the court to allow an offset to defendants in a loss which occurred in the management of the Guthrie property, and also some items of expense incurred by improving the ranch property, thereby enhancing its value.

This evidence was offered by defendants without objection on the part of plaintiff; however, the record also shows that defendants had been in possession of the property pending the litigation and had received the profits and benefits arising therefrom.

It is a fundamental rule that, in an equitable proceeding, where the court has acquired jurisdiction, it may give complete relief by adjusting all of the rights of the parties involved. McKay v. Kelly, 130 Okla. 62, 264 P. 814; Depuy v. Selby, 76 Okla. 307, 185 P. 107.

The record does not disclose that a general accounting was had between the parties. In the absence of an assignment of error on the part of either party as to the failure to make said accounting, we may safely assume that the trial court, by its judgment, adjusted the equities between the parties by counter-balancing the losses sustained in the property and the expenditures for improvements, against the profits and benefits arising from its use. In any event, it would be manifestly unfair to offset one item of loss by defendant against an item of profit due to plaintiff, without taking into consideration all of the transactions, and the trial court did not err in refusing to do so.

Defendants contend that the trial court erred in refusing to grant judgment in their favor on their cross-petition, wherein they alleged certain indebtedness due them from plaintiff. In this connection it is pleaded by plaintiff in his reply that there was a complete settlement between the parties as to this indebtedness, including all items claimed

by defendants. There was sharp conflict in the evidence as to this issue, and the court found the facts in favor of plaintiff. Since this issue is based solely upon the weight of the evidence, and the trial court found the evidence of plaintiff more convincing, said finding will not be disturbed on appeal. McKay v. Kelly, supra; Cull v. Cavanaugh, 95 Okla. 157, 218 P 299; Thomas v. Halsell, 63 Okla. 203, 164 P. 458.

Since it does not appear that any of the findings of the trial court are against the clear weight of the evidence, the cause is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur.