SMITH v. CANTNER.

97 P. 2d 896.

No. 29133. Nov. 21, 1939.

Rehearing Denied Jan. 16, 1940.

Malcolm E. Rosser and Malcolm E. Rosser, Jr., both of Muskogee, for plaintiff in error.

A. E. Montgomery and Carl Cundiff, both of Tulsa, for defendant in error.

DAVISON, J. Harry Smith, plaintiff in the trial court, plaintiff in error herein, is claiming an undivided one-half (½) interest in a quarter section (¼) of land located in Tulsa county, Okla. The record title to the land is in the name of Marie H. Cantner, who acquired the same as residuary legatee of Noble A. Hurd, deceased. Hurd acquired title to the land on May 19, 1934. He died about one and a half years later.

This action was commenced in the district court of Tulsa county on the 20th day of August, 1937, by Harry Smith, as plaintiff, against Marie H. Cantner, as defendant, on the theory that he and the deceased, Hurd, jointly owned the land as copartners or joint adventurers. The plaintiff sought an accounting and sale of the land in connection therewith.

The cause was tried to the court without the intervention of a jury, resulting in a judgment for the defendant.

The testimony produced at the trial was in most respects free from material conflict.

Smith and Hurd entered into an agreement whereby the land in question was to be purchased in contemplation of a possible future sale at an advanced price. Hurd was to furnish the money, take the title to the land, pay the taxes and all other expenses in connection with its upkeep and maintenance. He was also to receive the rents. Smith was to procure a purchaser and the profits from the contemplated sale at an advanced price were to be divided equally.

Hurd borrowed the money to purchase the land from the Citizen's Security Bank at Bixby, Okla. The land was purchased on the date mentioned, supra, but was never sold pursuant to the arrangement between Hurd and Smith.

According to the testimony produced by the plaintiff, there was no express understanding as to who would share the losses, if any, except such as might be inferred from the general arrangement between the parties. Testimony was also introduced in behalf of the plaintiff tending to show that the deceased had in his conversation alluded to the premises in such a way as to indicate a recognition on his part that Smith was part owner thereof. However, such allusions were in most respects informal and such as might be unguardedly made by a man, having in mind any one of several types of existing relationships, with reference to land. The defendant, on the other hand, produced as a witness the cashier of the bank who talked to Mr. Smith and Mr. Hurd at the time the loan was made to Hurd. This witness testified that Hurd said the land was his, and that if it was not sold by Smith, he expected to keep it.

The trial court held there was no joint ownership of the land and that Smith had no vested interest therein. In support of the decision defendant relies principally upon Nix v. Green et al., 95 Okla. 247, 219 P. 380, wherein we held in paragraph 4 of the syllabus:

"Where A. and B. orally agree to attend a government sale of surplus Indian lands, and A. agrees to purchase certain lands to be selected by B., A. to pay the entire consideration for said lands, and the same to be improved by B. after said purchase, but A. to pay all the expenses of making said improvements, and B. in no event to be liable for any portion of said expense of purchasing or improving said lands, and where the lands are to be sold after making said improvements, and A. is to be refunded all expenses incurred in purchasing and improving said lands,

and the balance, if any, to be divided equally between A. and B., *held,* a partnership did not exist between A. and B. in the ownership of said lands: *held,* further, that B. had no interest in said lands."

We also stated in the body of the opinion that:

"In the case at bar, the defendant's answer and cross-petition contains no allegation that the defendant and J. W. Green had combined their capital, labor, or their money and skill, nor does it allege that any money was paid, or any labor or thing performed, as a consideration for said contract of partnership, nor does it allege that said land was to be purchased by said partnership, nor does it allege that the land was to be purchased by the said J. W. Green for said alleged partnership. Neither does it allege that the defendant, Nix, was to have any interest in said lands whatever, or to be interested in any way in the transaction, unless upon a sale of the property after the purchase of the same by the said J. W. Green, and the improvement of the same, there should be a profit, in which event he was to receive one-half thereof. If there should be no profit, he was to get nothing; if there was a loss, defendant was not to participate in the purchase price of said land, or the cost of the improvement of same, but he was to lose only his time and trouble in making said improvements. There is no allegation that any of the said improvements were ever made by the defendant.

"Giving the agreement the most liberal construction, we are of the opinion that it was no more than a contract of employment or agency, whereby the defendant was to improve said lands and to receive as compensation therefor one-half of the profits, if any, from the sale of said land after the improvements were made."

See, also, Walker v. Bahnsen, 115 Okla. 195, 241 P. 740; Hawkins v. Mattes et al., 171 Okla. 186, 41 P. 2d 880; Criner et al. v. Davenport-Bethel Co., 144 Okla. 74, 289 P. 742.

The plaintiff, however, contends that the agreement between Hurd and Smith created a partnership or joint adventure between them rather than the relationship of principal and agent and invokes as applicable the case of Thompson et al. v. McKee, 43 Okla. 243, 142 P. 755, wherein it was held that a partnership arrangement with reference to real estate might be created by oral agreement and that a partner might compel an accounting in connection with real estate held in the name of the other.

The question of what agreement was made between the parties is primarily one of fact, although rules of law may play an important part in determining what inferences will be drawn from, or what presumptions will be considered in connection with, the proven facts. The question of what relationship is created by a given agreement between parties after the scope of the agreement has been determined is one of law.

If in this case there were no direct evidence in the record calculated to eliminate the possibility of a joint ownership of the land, an extremely difficult question would be presented and from the other facts proven it might be possible to infer the existence of some character of relationship such as partnership or joint adventure which might by inference or presumption comprehend such an ownership and impel an application of the decision of Thompson v. McKee, supra. However, such evidence is not absent in the case at bar. The testimony of the bank cashier that according to the conversation had when Hurd and Smith came to the bank in connection with the loan supports the view that it was specifically understood between the parties that the land was to be and remain the individual property of Hurd. Such specific understanding is inconsistent with the interest now claimed by Smith as an asserted partner or joint adventurer. The judgment of the trial court having been for the defendant, a finding in accord with this proof is deemed to inhere in the judgment, and after a careful scrutiny of all the evidence in the record, we are unable to say that the finding is clearly against the weight thereof.

We therefore conclude that the trial

court was justified in determining the rights of the parties upon consideration of Nix v. Green, supra, and that Hurd owned the land individually; his arrangement with Smith being one of agency.

Upon this point the plaintiff also cites Abraham v. Slyman, 90 Okla. 31, 215 P. 931; Union State Bank v. Woodside, 74 Okla. 217, 178 P. 109; Kirtley et al. v. Kirtley, 163 Okla. 114, 21 P. 2d 36. We find nothing in the cases cited inconsistent with views herein announced and applied.

The plaintiff also presents three other contentions in connection with the admission and exclusion of evidence, which he suggests that we decide. It is admitted, however, by the plaintiff that such questions relating to the admission and exclusion of testimony are not vital in this appeal. We appreciate counsels' frankness in thus eliminating matters which otherwise might unduly lengthen this opinion. However, under the circumstances, we deem it inappropriate to discuss the points mentioned.

The decision of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and GIBSON, JJ., concur.