## SIMPSON v. HIGHFILL et al.

No. 22182.   May 7, 1935.

J. C. Helms, for plaintiff in error.

Shirk, Danner & Phelps and R. P. Hill, Jr., for defendants in error.

GIBSON, J. Plaintiff in error was plaintiff, and defendants in error were defendants in the trial court. They will be so referred to herein.

Plaintiff commenced this action in the district court of Oklahoma county to recover $1,500 alleged to be due him from defendants for commission on an exchange of real estate. The petition alleges that plaintiff is a real estate broker and that the defendants listed their property with him for sale or trade; that plaintiff succeeded in consummating a deal between the defendants and one Parsons whereby a contract was entered into between the defendants and Parsons for the exchange of properties. The contract was attached to the petition, and provides for a commission of $2,500 to be paid by defendants to plaintiff, which sum was later reduced to $1,500 by agreement.

Defendants answered, alleging that Parsons was unable to complete the transaction, that Parsons' title was defective, and denied liability to plaintiff.

The case came on for trial before the court and jury pursuant to regular assignment, at which time plaintiff was called and sworn as a witness. Thereupon the defendants objected to the introduction of any testimony on behalf of plaintiff "for the reason that the contract under which he claims a commision has been canceled of

record as a matter of judgment of this court, and that when the same was so canceled, all of the terms and conditions of that contract, including the plaintiff's right to a commission, were also canceled."

The objection was sustained, and judgment entered dismissing plaintiff's petition and for costs in favor of defendants, from which judgment the plaintiff has appealed.

It is agreed by the parties that an objection to the introduction of any evidence on the part of plaintiff has the same force and effect as a denial that the petition states facts sufficient to constitute a cause of action. It is so held by this court in First National Bank of Pond Creek v. Cochran, 17 Okla. 538, 87 P. 855, wherein the court said:

"Objection to a petition on the ground that it does not state facts sufficient to constitute a cause of action can be made only by demurrer, or by the objection to the introduction of evidence at the trial. * * *"

And to the same effect was the holding of this court in Haffner v. Dobrinski, 17 Okla. 438, 88 P. 1042.

The appeal presents to this court the question of the sufficiency of the petition.

An objection to the introduction of testimony questioning the sufficiency of a petition is not favored by the courts, and the same will not be sustained unless there is a total failure to allege some matter indispensable to the relief sought. This rule is stated in Wilson v. Eulberg, 51 Okla. 316, 151 P. 1067, as follows:

"Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law."

To the same effect are Hogan et al. v. Bailey, 27 Okla. 15, 110 P. 890, and Sharpless Separator Co. v. Gray, 62 Okla. 73, 161 P. 1074.

We have examined the petition in the present case. It states a cause of action. It sets out the contract between plaintiff and defendant, and alleges that plaintiff has performed all portions thereof necessary to entitle him to a recovery.

The defendants, however, contend that there was evidence before the court that the contract in question had been canceled by the trial court in the case of Highfill v. Parsons, No. 609558 in the district court of Oklahoma county. No such evidence is in the record, except such as the trial court may have considered by way of judicial notice.

The defendants say "the trial court took judicial notice of the records" and found the facts therefrom, meaning that the court took judicial notice of its own judgment in the case of Highfill v. Parsons, supra. This argument is unsound. The rule that a court may take judicial notice of its own records is subject to certain limitations, and the present case falls clearly within the exceptions to the rule.

In a suit upon contract a court may not take judicial notice of its judgment in a former action annulling such contract where the parties in the present action, or their privies, were not parties in the former action; and, without formal introduction in evidence, a judgment in such other case cannot be considered. 15 R. C. L. 1114; Thayer v. Honeywell (Kan. App.) 51 P. 929; Brown v. Brown (Cal. App.) 256 P. 595; Spencer v. Industrial Comm. (Utah) 20 P. (2d) 618.

No evidence of a former adjudication was before the court. The defendants' objection to the introduction of any testimony was tantamount to a general demurrer to the petition. By such objection they have sought, and have been granted, a defense that can be reached and successfully maintained only by way of a plea in bar supported by proper evidence of a former adjudication. In any event, the defendants cannot avoid the necessity of either pleading specially the former judgment or offering the same in evidence in order to bar the plaintiff's action. (15 R. C. L., p. 1045, secs. 524, 525.)

The judgment of the district court in the case of Highfill v. Parsons, supra, was neither pleaded nor introduced in evidence in the present case. Therefore, the issue of res adjudicata was not raised. A judgment without issue to sustain it cannot stand, (15 R. C. L. 854.) To such effect was the judgment in the case at bar.

Defendants contend that until an exchange of properties was consummated between defendants and Parsons, the parties could receive no benefit from the plaintiff's efforts, and no obligation to plaintiff could exist under the contract. The California case of Jennings v. Jordan, 160 P. 576, is

cited as authority for this contention. The facts in that case were very similar to the facts in the present case. But the broker's contract was in evidence, and was interpreted by the California trial court. The question of a former adjudication upon the contract was not present. In the instant case the trial court did not undertake to interpret the contract, but attempted to take judicial notice of its judgment interpreting the terms of said contract in a wholly different case wherein the plaintiff was not a party. The California case is not in point.

The judgment of the trial court is reversed, with directions to proceed in accordance with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.