### GASSAWAY v. SKIVEERS.

No. 27214. Feb. 1, 1938.

G. T. Ralls, for plaintiff in error.

Jas. R. Wood, for defendant in error.

RILEY, J. This is an action by defendant in error, Ossye Skiveers, plaintiff below, against P. L. Gassaway, seeking possession of a certain tract of land and damages for detention thereof. The parties will be referred to as they appeared below.

The land in question was sold at a delinquent tax sale November 4, 1929, to Coal county. In April, 1932, the tax remaining unpaid, the land was sold at resale. The county again became purchaser, and the county treasurer executed a deed on said land to the board of county commissioners on May 9, 1932. On July 7, 1932, the defendant, P. L. Gassaway, filed his bid for said land. After notice and hearing the board of county commissioners executed a deed to defendant which was recorded July 7, 1932.

On application of defendant the court required plaintiff to deposit $80.91, the amount of accrued taxes, penalties, and costs with the court clerk.

The evidence showed, and the court specifically found that said land was not advertised for the delinquent tax sale held November 4, 1929.

The court further found that the county treasurer and the board of county commissioners were without authority to sell or execute their respective conveyances of the land involved; that the said deeds were voidable and not void; that the plaintiff was the legal owner of the land involved; that from the sum of $80.91, deposited by plaintiff with court clerk, the defendant should be paid $40, the amount paid the county for the purchase of said land; that $40.91 should be paid to the county treasurer as payment of taxes assessed against said land; and that all tax charges against said land to time of resale be canceled and set aside.

From said judgment the defendant brings

this appeal, assigning as error three propositions: (1) Error in holding the one-year statute of limitations had not run against plaintiff; (2) error in holding the deed was voidable; and (3) error in ordering refund to defendant of only $40, the amount paid to treasurer for land deeded by county commissioners, and payment of $40.91 to county treasurer.

The case-made does not contain a motion for a new trial filed on behalf of defendant. The brief of plaintiff has been filed over a year and no application has been made to amend or correct the case-made.

"It has been the holding of this court that errors occurring during the trial of a case cannot be considered in this court unless a motion for new trial founded upon and including such errors has been made by the party complaining and presented to the trial court and by it denied." Archerd v. Ware, 115 Okla. 100, 242 P. 1043.

The error assigned by defendant cannot be considered under the condition of the record.

Plaintiff gave notice of appeal, filed a motion for new trial, which was overruled by the court and exceptions saved. Thereafter plaintiff filed a cross-petition in error and attached the same to the case-made, which was duly filed.

The plaintiff contends that the resale tax deed from the county treasurer to the board of county commissioners was void and not merely voidable because the land had never been advertised for a delinquent tax sale and the county treasurer had no authority to advertise and sell said land at resale.

We are inclined to that view. Proper notice of the sale of land at a delinquent tax sale is necessary to confer jurisdiction on the county treasurer to sell said land and issue a tax deed therefor. Jones v. Storie, 172 Okla. 473, 40 P. (2d) 1067. Until the land involved had been properly advertised and sold to the county at a delinquent tax sale, the county treasurer had no authority to advertise and sell the same at a resale. The deed to the board of county commissioners issued by the county treasurer without authority or jurisdiction so to do was void, and conveyed no title. Likewise the deed of the board of county commissioners based upon the void deed issued by the county treasurer was void and conveyed no title to the defendant.

The plaintiff next contends:

"The court committed error in holding and deciding that out of the funds, $80.91, by plaintiff tendered in court, and by her paid into the hands of the county clerk on November 14, 1935, in obedience to the order of the court then made, requiring her to tender the amount of the taxes, penalties, and costs as a condition precedent to the right of prosecution of this her action for the recovery of the lands involved, there should be paid to the plaintiff in error the amount of money, $40, which he paid to the county as the purchase price for said lands, to which action of the court the defendant duly excepted."

By that portion of the judgment providing for payment, from the $80.91, deposited by plaintiff, of $40 to defendant and $40.91 to the county treasurer to be applied on the taxes, costs, and penalties accrued at date of resale, the court apparently intended to place all the parties in their original positions, that is, the county would receive all the taxes, penalties, and costs, $40 from defendant, paid for deed from county commissioners, and $40.91, balance of deposit paid by plaintiff into court; the defendant would be repaid $40, the sum paid for his deed, and the lien of the taxes, penalties, and costs against the plaintiff's land would be discharged. Such a purpose is laudable, but the plaintiff urges that the judgment of the trial court canceling the taxes, penalties, and costs against the land at the time of the resale is ineffective and that there remains a lien of $40 against her land. With this we agree.

By section 12755, O. S. 1931, the $40 paid by the defendant for the deed from the board of county commissioners was paid into the common school fund and not credited as payment of taxes. Under our holding above, the action of the county treasurer in canceling the taxes, penalties, and costs accumulated on plaintiff's land was without effect because the treasurer had no authority. Neither the county nor the county treasurer was a party to this suit and neither is bound by any judgment herein.

The plaintiff was entitled to have the $80.91 she tendered into court paid to the county treasurer to discharge the lien for taxes, penalties, and costs accrued at the time of the resale.

The judgment of the lower court is modified to hold that the resale tax deed executed by the county treasurer to the board of county commissioners and the deed executed by the board of county commissioners to P. L. Gassaway are void. It is further modified to hold that the entire sum of $80.91 paid to the court clerk by the plaintiff be paid to the county treasurer in payment of the taxes, penalties, and costs charged against the land involved as per statement:

rendered by the county treasurer at the time of the deposit of said money with the court clerk. The judgment in all other re-. spects is affirmed.

BAYLESS, V. C. J.. and PHELPS, CORN, and DAVISON, JJ., concur.