## MERIWETHER v. BOWLING, Trustee.

No. 27283.   Oct. 18, 1938.

Rehearing Denied Nov. 15, 1938.

Twyford & Smith, Blanton, Curtis .& Blanton, and William J. Crowe, for plaintiff in error.

W. R. Farmer and R. E. Bowling, for defendant in error.

HURST, J.   This is an action to quiet title and cancel a certificate tax deed under which the defendant, Meriwether, claims title.  Judgment was rendered for the plaintiff, and defendant appeals.

The first question for our consideration is this:  Did the court commit error in entering judgment for the plaintiff, quieting his title as against the holder of the tax deed, without requiring the payment of the amount of taxes, interest, penalties, costs, and expenses legally due against the land?  The plaintiff, in his petition, alleged that the tax deed was void for several reasons, among them being that the lands were not taxable, and, if so, the taxes had been paid.  The defendant raised the question of tender in his answer and by motion for judgment on the pleadings, in which he specifically referred to the plaintiff's failure to comply with the tender statutes.  We are not concerned here with a mere defense, that question being considered in the case of Schulte

v. Herndon, 184 Okla. 77, 84 P.2d 607, this day decided.

In the case of Parks v. Lyons, 183 Okla. 529, 83 P.2d 573, this day decided, we have discussed the question of the necessity of tender where it is not contended that there are no taxes due by reason of the fact that the land is either exempt from taxation, had not been legally assessed, or the taxes have been paid, and, in that case, enforced the tender statute. It was held in Wade v. Crouch (1904) 14 Okla. 593, 78 P. 91. that tender is not necessary when the land is not liable for taxation. We adhere to that rule and are, therefore, of the opinion that in view of the allegation in the petition that the land was not taxable and, if so, the taxes have been paid, it was not necessary to make the tender in the petition. However, at the trial of this cause the plaintiff introduced no evidence tending to show that the land was exempt from taxation. that it had not been legally assessed, or that the taxes had been paid, and, consequently, it was the duty of the plaintiff to then tender the amount due (secs. 12761 and 12762, O S. 1931, 68 Okla. St. Ann. secs. 453 and 455), and it was the duty of the court, under section 12668, O. S. 1931 (68 Okla. St. Ann. sec. 360), to require payment of the taxes, interest, penalty, costs, and expenses due as a condition precedent to the rendition of the judgment.

It follows that the court committed error in entering judgment for the plaintiff without requiring the payment of the taxes, interest, penalty, and costs assessed against the land.

It is also urged that the court committed error in overruling the demurrer of the defendant to the evidence of the plaintiff, for the reason that the evidence fails to establish title in plaintiff. In the caption of the petition plaintiff was described as "R. E. Bowling, Trustee." In the first paragraph or commencement of the petition we find this statement: "Comes now R. E. Bowling as trustee for Clara E. Bowling and for cause of action against said defendant, Gilmer Meriwether, alleges and states: That plaintiff is the legal owner in fee simple and is in actual and peaceable possession of the following described land" (describing it). There is no allegation in the petition as to in what manner or by what authority plaintiff acquired the right to represent Clara E. Bowling as trustee. The evidence introduced on behalf of plaintiff showed the legal title to be in Clara E. Bowling, and there was no evidence showing any title

in R. E. Bowling as trustee. Since the plaintiff must recover, if at all, upon the strength of his own title, and he proved no title in himself as trustee, we think the demurrer should have been sustained. Clewell v. Cottle (1924) 99 Okla. 84, 225 P. 946; Clark v. Duncanson (1920) 79 Okla. 180, 192 P. 806. See, also, School Dist. No. 42 v. Peninsular Trust Co. (1904) 13 Okla. 479, 75 P. 281.

It is next urged that the court committed error in admitting in evidence, over the objection of the defendant, the records of the office of the county clerk, showing the deed in the plaintiff's chain of title without proof that the original deeds could not be produced. This contention is also well taken. Farmers' Hardware & Implement Co. v. Thacker (1915) 54 Okla. 425, 153 P. 1144; Smith v. Braley (1919) 76 Okla. 220, 184 P. 586; Carter v. McCasland (1928) 131 Okla. 253, 268 P. 706.

Judgment reversed, with directions to the trial court to grant a new trial and to reshape the issues if the parties so desire, and proceed not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH. PHELPS, GIBSON, and DAVISON, JJ., concur. CORN, J., absent.