McLAIN v. SCHUESSLER et al.

No. 29130. Jan. 16, 1940.

*98 P. 2d 1100.*

C. F. Green, of Ada, for plaintiff in error.

Ralph K. Jenner, of Hugo, for defendants in error.

GIBSON, J. This is an action in ejectment and to quiet title and for damages by the alleged owner of premises against the occupant under a tax deed and his grantors.

Plaintiff below pleaded tender of all taxes, penalties, interest, and costs as required by statute (sec. 12761, O. S. 1931, 68 Okla. Stat. Ann. § 453). Defendant then moved to require plaintiff to deposit in court the sum theretofore agreed upon as the proper amount necessary to redeem the land from tax sale. The court sustained the motion and denied plaintiff the right to proceed further with the cause until the deposit was forthcoming. Upon plaintiff's refusal to comply, the action was dismissed, and plaintiff appeals.

Plaintiff admits that the land in question was legally subject to taxation, had been duly assessed and extended upon the tax rolls for the years involved in substantial compliance with the statutes, and that the taxes had not been paid. He also agrees that under the decision in Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415, actual tender of the money into court is ordinarily necessary in such circumstances, even if the tax deed is void. But plaintiff asserts that it was error to require the deposit of actual cash for defendant's use and benefit in view of the allegation of damages in the nature of loss of rents and profits occasioned by the wrongful withholding of the premises by the defendant. He insists that this issue should have been tried and the respective claims or equities of the parties fully adjudicated and the amount of his damages, if any, set off against the sum required to redeem from the tax sale before compelling him to deposit any money to the use and benefit of the defendant.

366

Plaintiff says that this court in Schuman v. Board of County Com'rs, etc., 184 Okla. 339, 87 P. 2d 151, has indicated that such matters may be adjudicated between the parties in an action involving a tax deed. But the case lends little assistance here. We say, however, that the trial court in cases of this character may, as in other cases for the possession of real property, adjudicate the claims of the parties arising out of the use and occupancy of land. But such issues are not to be considered until the question of the alleged invalidity of the tax deed is determined. Tender into court as aforesaid is a necessary condition precedent to further proceeding upon the latter issue (sec. 12761, supra), where the land was legally taxable, had been duly assessed and extended on the tax rolls and the taxes were unpaid. See Thompson .v. Yates, supra.

Such were the circumstances here. In such case, tender of the money into court must be made, unless waived, before the court may proceed with the trial. If tender is not made as directed, the court can do no more than dismiss the action. If tender is made, the sum so deposited should remain in the court until all issues are determined, and in event of a judgment in plaintiff's favor for damages, the same should be set off against such deposit in a manner suitable in the circumstances.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.