WELCH v. AYRES, Chairman of Board of County Com'rs of Custer County, et al.

No. 30197. Jan. 20, 1942.

*121 P. 2d 576.*

A. J. Welch, of Clinton, for plaintiff in error.

G. C. Loving, Co. Atty., and Norris Mitchell, Asst. Co. Atty., both of Clinton, for defendants in error.

DAVISON, J. This is an action to quiet title to real estate against claims arising under a resale tax deed and to cancel the deed. It was instituted in the district court of Custer county on September 13, 1940, by Cuba E. Welch, as plaintiff, against W. W. Ayres, as chairman of the board of county commissioners, and the board of county commissioners, as defendants.

On November 19, 1940, the trial court entered its order dismissing plaintiff's action "with prejudice" for asserted failure to comply with the statutes of this state requiring tender of "taxes, penalties, interests, and costs" in connection with actions of this character. Sections 12761 and 12763, O. S. 1931, 68 Okla. St. Ann. §§ 453 and 455. In doing so error was committed.

The order of the trial court disposed of plaintiff's entire action as distinguished from parts or portions thereof. It is a general rule of practice that part of an indivisible cause of action cannot be dismissed. 27 C.J.S. 209, subject "Dismissal and Nonsuit," sec. 52.

Although plaintiff in her petition set up numerous alleged grounds asserted to

render the tax deed void, she grouped them all in a single cause of action. The defendants' motion to dismiss treated plaintiff's cause of action as single and indivisible. So questions relating to the separate dismissal of one or more of several causes of action incorporated in a single petition on the separate dismissal of one or more counts when several are included in a cause of action are not herein involved.

It is thus apparent that if any of the alleged grounds of invalidity entitled plaintiff to proceed without tender, plaintiff's action should not have been dismissed, although otherwise dismissal is (by the terms of the statute itself) a proper disposition under section 12761, supra.

Among the numerous other allegations contained in the petition and occupying a rather obscure position therein is the following: ". . . and that same was not liable for taxation. . . ." The brevity and obscurity of the allegation probably provoked the error herein committed, but it was nevertheless error.

Our decision on this point is governed by Meriwether v. Bowling, 184 Okla 1, 84 P. 2d 1, where we said in paragraph 1 of the syllabus:

"Where the former owner of land files an action to cancel a tax deed and quiet title as against the tax deed holder, and in his petition alleges that the land is not taxable or, if taxable, that the taxes have been paid thereon, it is not necessary that the plaintiff in such petition tender the amount of taxes, interest, penalties, costs, and expenses assessed against the land, as under such circumstances sections 12761 and 12763, O. S. 1931, 68 Okla. St. Ann. §§ 453 and 455, do not apply. Wade v. Crouch (1904) 14 Okla. 593, 78 P. 91."

Notice, also, Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573. Of course, the rule of law thus established was not intended to permit a party litigant to ride a false or unprovable allegation of nontaxability through to favorable judgment when the real basis of his grievance is embraced in other averments of the petition in connection with which tender should be made.

One method of preventing such a result is outlined in paragraph 2 of the syllabus in Meriwether v. Bowling, supra. We there said:

"Where a former owner of land sues to cancel a tax deed and to quiet title as against the tax deed holder, and in his petition alleges that the land is not subject to taxation or, if so, that the taxes have been paid, but fails to establish either fact at the trial, it is the duty of the trial court to require compliance with the tender statutes and the payment of the taxes, interest, penalties, costs, and expenses legally assessed against the land as a condition precedent to entering judgment in favor of the plaintiff. Section 12668, O. S. 1931, 68 Okla. St. Ann. § 360."

Of course, the method suggested for enforcing and vitalizing the salutary provisions of the statutes requiring tender in cases involving tax deeds does not exclude the use of other appropriate methods.

The extent of our holding in this case is that the method herein employed was not proper in this case because of the presence in the petition of an allegation upon which recovery might be had without tender upon proper supporting proof. If the trial court had made a preliminary order directing the plaintiff to plead the proper tender in connection with all averments of his petition except those not requiring tender, and the plaintiff had refused or failed to comply with such order and an order of dismissal *without prejudice* had been entered under section 418, O. S. 1931, 12 Okla. St. Ann. 683, for disobedience of an order concerning the proceedings, an entirely different question would have been presented. (Notice in this connection McBride v. Cowan, 80 Okla. 72, 194 P. 208; Cook v. Search, 100 Okla. 45, 226 P. 1039; Walker v. Bahnsen, 115 Okla. 195, 241 P. 740; Commonwealth Co. v. Lowenhaupt, 179 Okla. 557, 66 P. 2d 1064; Cadwell v. Ryan, 184 Okla. 174, 86 P. 2d 282.) It follows that the cause must be reversed.

The plaintiff urges that our order of reversal should be accompanied by directions to the trial court to enter judgment on the pleadings in her favor. She calls our attention to a motion filed in her behalf for such a judgment in the trial court and to a portion of the trial court's judgment overruling the same. The defendants had not answered nor were they in default. The issues had not been made up. A motion for judgment on the pleadings is designed to provoke a search of the pleadings for the purpose of determining whether there is an issue of fact presented by the pleadings which requires the introduction of proof. When the proper pleadings have been filed, it tests their sufficiency and thus operates as a demurrer, at the same time requesting judgment.

It is a proper and effective pleading, but one who seeks to avail himself of its use should await the proper time for its presentation. Plaintiff's motion in this case was premature.

The parties do not call our attention to any decision of this court dealing with the precise contention involved herein. Perhaps they are few because the purpose and function of the motion is so well understood. However, our own independent research reveals that in the early case of Keokuk Falls Imp. Co. v. Kingsland & Douglas Mfg. Co., 5 Okla. 32, 47 P. 484, we said in the body of the opinion:

"It is claimed that the court below committed error in not sustaining the motion of the several defendants for judgment upon the pleadings. The answer at that time was a general denial and a plea of payment and of accord and satisfaction. This answer was filed March 28, 1894, and two days thereafter the defendants filed their motion for judgment. This case was begun and tried under the Code of 1890, and, under such Code, before the court could properly have rendered the judgment desired, the movers for such *judgment must have had plaintiff ruled to reply to the answer. . . ."* (Emphasis ours).

More terse and to the point is the expression of the Kansas court in Klapper v. J. R. Burnett Coal & Mining Co., 108 Kan. 61, 194 P. 315. That court said:

". . . Such a motion could not be properly filed until after the issues had been made up. . . ."

Withholding any expression of opinion on the question of whether such a motion might be appropriate when a party fails or refuses to plead, since such a situation is not here presented, we are impelled to and do conclude that plaintiff's motion for judgment on the pleadings was premature and was properly overruled.

The portion of the trial court's judgment overruling plaintiff's motion for judgment is approved and affirmed. The portion dismissing the cause is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, HURST, and ARNOLD, JJ., concur. OSBORN and BAYLESS, JJ., concur in conclusion.