## MORGAN v. WHITEHEAD et ux.

No. 31866. Jan. 8, 1946.

Rehearing Denied Jan. 29, 1946.

*165 P. 2d 338.*

Thompson & Braly and H. F. Mathis, all of Ada, for plaintiff in error.

J. E. Whitehead and W. F. Schulte, both of Ada, for defendants in error.

RILEY, J. Defendants in error, J. E. Whitehead et al., commenced this action against plaintiff in error, Elmer Morgan, to quiet title to 80 acres of land. Plaintiffs were in possession.

Defendant Morgan relied upon a commissioners' deed, dated July 6, 1942, attached to and made a part of his answer. He alleged that the land was assessed for taxes for the years 1930,

1932, and 1935 to 1937, inclusive; that the land was sold to the county for the 1930 taxes and thereafter, in 1939, sold to the county at resale. The answer then pleaded the statute of limitations, 68 O. S. 1941 § 455.

Thereafter Oscar John Grace, a tenant of plaintiffs, in possession, was made a party defendant. Morgan sought possession and a decree quieting his title against Grace and plaintiffs.

Plaintiffs replied to Morgan's answer and alleged that the matters which defendant Morgan sought to litigate had been determined in cause No. 18080 in said court, wherein Grace was plaintiff and Morgan was defendant, involving the right of possession of said land and wherein Morgan set up as a foundation of his claim for possession the same tax deed pleaded in this action; that the issues therein were decided in favor of Grace and against Morgan, who was enjoined; that Grace was then, and is now, a tenant of the plaintiffs herein, and that by reason thereof privity exists between Grace and these plaintiffs. Plaintiffs alleged invalidity of the resale tax deed to the county for the reason, among others, that the delinquent sale notice and the resale notice purporting to have been published were not in the form and did not contain the substance required by law.

The issues involved herein were joined and tried to the court. Before the trial commenced, defendant Morgan demanded that plaintiffs be required to tender into court the taxes, penalties, interest, and costs due upon the land. To this demand, the court responded:

"There is no question but what you will have to make the tender in open court."

Thereupon counsel for plaintiffs stated:

"We will make it while the case is still in the process of being tried."

J. E. Whitehead was the only witness for plaintiffs. He testified that he and his wife were each the owner of an undivided one-half interest in the land; that they were in possession of the land and defendant Grace was their tenant.

Morgan's demurrer to plaintiffs' evidence was overruled. Morgan then moved to dismiss plaintiffs' cause of action for failure to tender the taxes; that motion was overruled.

Defendant Morgan introduced in evidence the resale tax deed and the commissioners' deed, and the records showing the proceedings leading up to the issuance of the commissioners' deed. Upon this evidence, Morgan rested his case, whereupon plaintiffs and Grace demurred to Morgan's evidence. The court sustained the demurrer and rendered judgment for the plaintiffs, quieting title, and finding Morgan's commissioners' deed void upon its face; that the original sale held by Pontotoc county on the first Monday in November, 1931, for the 1930 taxes, at which the county became the purchaser, was not advertised and that the purported sale was void; that the resale held in 1939 was void.

The decree quieted title in plaintiffs, canceled the resale and commissioners' deeds. Nothing was said in the decree concerning tender or payment of the taxes.

Morgan appeals and urges the failure to comply with the statute (68 O .S. 1941 §§ 453 and 455) relative to tender and payment of taxes.

It is well settled that one who, as either plaintiff or defendant, seeks to defeat, set aside, or void a resale tax deed must comply with the applicable provisions of the statute relating to tender of the taxes. Crewson et al. v. Spencer, 192 Okla. 582, 141 P. 2d 274; Hill v. Henry, 190 Okla. 413, 124 P. 2d 405; Knisely v. Town of Skiatook, 192 Okla. 225, 134 P. 2d 971; Schulte et al. v. Herndon, 184 Okla. 77, 84 P. 2d 607. In the latter case, it is said: "The tender statute applies whether the tax deed is valid, voidable, or void . . ."

Plaintiffs contend that they made proper tender under the provisions of

section 12668, C. O. S. 1931, 68 O. S. 1941 § 360, which provides that:

"Whenever any action or proceeding shall be commenced or maintained . . . to recover . . . title of any property . . . sold for taxes, or to invalidate any deed or grant thereof for taxes . . . the true and just amount of taxes due upon such property, . . . *if in dispute,* must be ascertained and paid before the judgment prayed for, and if not in dispute, must be paid . . . "

In Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573, Title 68, secs. 360, 453, and 455, are referred to and in the opinion it is said:

"Being enacted in the same act, they should be construed together, and when construed together, we think it is plain that they require the tender to be made when the action is commenced, or the pleading is filed, assailing the deed; the tender must be made in the petition, answer, or cross-petition in which the validity of the tax deed is brought into question; they apply to every person instituting such a proceeding, whether he be owner, mortgagee, lessee, or whatever his claim may be; they require a tender of all taxes, interest, penalties, costs, and expenses. Under section 12668, supra, it is the duty of the court to require the amount due to be paid before the judgment is made effective."

In Welch v. Ayres, 190 Okla. 97, 121 P. 2d 576, it is held:

"Where former owner of land sues to cancel tax deed and try title as against tax deed holder and alleges that land is not subject to taxation or if so that taxes have been paid, but fails to establish either fact at trial, it is duty of trial court to require compliance with tender statutes and payment of taxes, interest, and all penalties, costs, and expenses legally assessed against the land as 'condition precedent' to entering judgment in favor of plaintiff."

In Meriwether v. Bowling, 184 Okla. 1, 84 P. 2d 1, it is held that, where the former owner of land seeks to cancel a tax deed and quiet title as against the tax deed holder, and alleges that the land is not taxable, or, if taxable, that the taxes have been paid, it is not necessary that plaintiff tender the amount of taxes, penalties, etc. But it is further held that if former owner alleges that the land is not taxable, or, if taxable, that the taxes have been paid, and fails to establish either fact at the trial, it is the duty of the trial court to require compliance with the tender statute and the payment of the taxes, interest, penalties, costs and expenses legally assessed against the land as a condition precedent to entering judgment in favor of the plaintiff.

Therefore, under the authorities above cited, it was incumbent upon plaintiffs to comply with the tender statutes and it was the duty of the trial court to require plaintiffs not only to tender but to pay all delinquent taxes, penalties, interest and costs legally assessed against the land, remaining unpaid, as a condition precedent to entering judgment in favor of plaintiffs.

This, alone, requires a reversal of the judgment. But we cannot agree with the trial court in holding the deeds void. The resale tax deed and the commissioners' deed were regular in form as prescribed by statute, and, appearing to have been executed in substantial compliance with the law, the resale tax deed was, under 68 O. S. 1941 § 432h, prima facie evidence of the existence of the seven facts mentioned in the statute, the seventh of which is:

"That all proceedings, notices and duties provided, required and imposed by law, prerequisite to the vesting of authority in the county treasurer to execute such deed, have been followed, complied with, and performed."

The trial court held that the original base sale, held on the first Monday in November, 1931, for the 1930 taxes, at which the county became the purchaser, was not advertised. The resale tax deed is prima facie evidence that such notice was given. There is no evidence in the record that it was not given. Therefore, the finding of the trial court in this regard is without supporting evidence to overcome the prima facie evidence afforded by the resale tax deed itself.

We are likewise unable to agree with

the trial court in its finding that the reply of plaintiffs and cross-petition of defendant Grace were in all things sustained by the proof offered by plaintiffs and that the allegations therein contained are true, correct, and fully established by the evidence and admissions in the case. The only admission in the case is that plaintiff Julia Whitehead was the record owner of the land at the time of the original sale and resale.

It is contended that the findings and judgment of the trial court should be sustained on the ground of res adjudicata, in that the issues here involved were fully determined in the former injunction proceeding in which Grace was plaintiff and Morgan was defendant (case No. 18080, district court, Pontotoc county); that the trial court was authorized to and did take judicial notice of all the proceedings in that case. None of the pleadings in that case were set forth in any of the pleadings in this case and none of the pleadings in that case were offered or introduced in evidence in this case. The judgment in the former case was not offered or introduced in evidence in the instant case and is not in the record.

In Simpson v. Highfill, 172 Okla. 141, 45 P. 2d 115, there was presented to this court the same situation regarding judicial notice. Therein, as herein, no evidence of a former adjudication was before the court. Therein Mr. Justice Gibson, speaking for this court, said:

"The defendants cannot avoid the necessity of either pleading specially the former judgment or offering the same in evidence in order to bar the plaintiff's action."

It was noted that:

"The rule that a court may take judicial notice of its own records is subject to certain limitations, and the present case falls clearly within the exceptions to the rule".

Formal introduction in evidence of the judgment in such other case was a requirement set forth in the syllabus.

Simpson v. Highfill, supra. The view therein expressed is the majority rule. 20 Am. Jur. 105; Oliver v. Enriquez, 16 N. M. 322, 117 P. 844; Divide Creek Irrigation Dist. v. Hollingsworth, 72 Fed. 2d 859, 96 A. L. R. 937. However, in Schneider v. Decker, 144 Okla. 213, 291 P. 80, this court ruled adversely, and in Corliss v. Davidson & Case Lbr. Co., 183 Okla. 618, 84 P. 2d 7, this court, following the Schneider-Decker Case, held that in considering a demurrer to a petition the trial court is authorized to take notice of proceedings formerly pending before it.

Under the record presented in the case at bar, in no possible way can this court know the issues or the judgment in the former case. They were not proved.

It may be that the trial court adjudged void the publication notice of the original tax sale (November, 1931) upon consideration of the pleadings and judgment in cause 18080, Grace v. Morgan. If so, it was without authority.

Judgment reversed, with directions to grant a new trial.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. GIBSON, C.J., dissents.