## OKLAHOMA NATURAL GAS CO. v. PICKETT.

No. 35617.    May 5, 1953.

Rehearing Denied June 17, 1953.

*258 P. 2d 186.*

Pinson, Lupardus & Carlson, Tulsa, for plaintiff in error.

P. D. Erwin, Chandler, for defendant in error.

WILLIAMS, J. Defendant, Oklahoma Natural Gas Company, owned and

maintained certain pipe lines which went through the farm of plaintiff, Pickett. Plaintiff's petition alleged that in connection with the construction and maintenance of these lines, defendant was negligent in leaving certain substances (spun glass, tar base, asphalt paper, etc.) in the pasture of plaintiff; that plaintiff's cattle ate the substances and as a result two died, and the others were damaged; that the pasture was damaged in the removal of one pipe line and construction of another. Plaintiff recovered judgment in the trial court and defendant has duly appealed.

Parties are referred to herein as in the trial court.

In its brief, defendant argues the following propositions: that the judgment is based upon conjecture. speculation and guesswork and cannot stand, and that the judgment is contrary to the law and the evidence.

With regard to the first proposition, there was undisputed evidence to the effect that defendant did own the pipe lines in question and did perform the construction work as alleged in plaintiff's petition; that at the conclusion of such work the harmful substances were left in the pasture; that shortly thereafter the cattle of plaintiff lost weight (some as much as two or three hundred pounds) and their market value decreased; that spun glass is harmful to the stomachs and intestinal tracts of cattle; that two of the cattle died; that one of the cattle that died was dissected and found to have little "bags" throughout its stomach and intestinal tract; there was also specific evidence from which the jury could compute the total damages to the cattle and to the pasture.

A chemist who had examined samples of the substances left in the pasture by defendant testified that they would produce great mechancial injury to the stomach and intestinal tract of the cattle; that particles of the spun glass would penetrate the walls of the stomach and intestinal tract and produce injury.

Defendant's principal argument under this proposition goes to the fact that no witness testified that he actually saw the cattle eating the substances in question. It is too well established to require quotation from authority that facts in issue may be proved by circumstantial evidence as well as direct evidence. See Marland Refining Co. v. Snider, 125 Okla. 260, 257 P. 797.

Defendant also argues in its brief that cattle will not eat spun glass; however, since no evidence was introduced on this point in the trial court, it will not be considered here.

Since there was direct or circumstantial evidence to support all the material allegations of plaintiff, defendant's argument that the judgment was based on conjecture, speculation and guesswork is not well taken.

Defendant's argument under the second proposition is that plaintiff did not prove damages to his cattle by defendant; that the amount of the verdict was not justified by the evidence with regard to the amount of damages to the pasture; therefore, since the amount of the verdict is not sustained by the evidence, the judgment should be reversed and a new trial granted on the amount of damages to the pasture.

As is evident, this contention rests on the assumption that damage to the cattle was not proved, and the contention is therefore without merit. In addition, we note that defendant did not point out this specific alleged error in his motion for new trial. See Gassaway v. Skiveers, 182 Okla. 9, 75 P. 2d 1149, wherein this court said:

"Errors occurring during the trial of a case cannot be considered in this court unless a motion for new trial founded upon and including such errors has been made by the party complaining and presented to the trial court and by it denied."

Defendant also points out that a veterinarian testified that four of plaintiff's cattle were afflicted with a disease called hyperkeratosis; that the cause of such disease is unknown. This is, of course, in direct conflict with the evidence of plaintiff as to the cause of the damage to his cattle; in such circumstances, the following rules of law apply:

"Where there is doubt as to which of several probable causes produced the injuries, the cause of the injuries is properly a question for the jury." Kansas O. & G. Ry. Co. v. Dillon, 191 Okla. 671, 135 P. 2d 498.

"Where a civil action at law is tried to a jury, and there is competent evidence reasonably tending to support the verdict of the jury, this court will not disturb the verdict upon appeal, on the ground that the same is not sustained by sufficient evidence." Black v. Coleman et ux., 142 Okla. 195, 285 P. 983.

The judgment of the trial court is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, ARNOLD, O'NEAL, and BLACKBIRD, JJ., concur.