**ARTHUR et al. v. ARTHUR et al.**

**No. 35991.**

Supreme Court of Oklahoma.

July 7, 1953.

Little & Hoyt, Oklahoma City, Charles S. Arthur, Manhattan, Kan. and Virgil Shaw, El Reno, for plaintiffs in error.

Porta & Weaver and Rinehart & Rinehart, El Reno, for defendants in error.

BLACKBIRD, Justice.

This action was commenced in the trial court by the filing of a petition by Ira W. Arthur and Lizzie Kaler, coexecutors of the estate of J. E. Shirk, deceased, against Virgil M. Shaw, guardian of the person and estate of Cassie Vance, an incompetent person, Charles S. Arthur and Anna Pearson Arthur.

The petition alleges that Lizzie Kaler and Ira W. Arthur are coexecutors of the estate of J. E. Shirk, deceased, appointed the 19th day of August, 1912; that Charles S. Arthur and Anna Pearson Arthur are husband and wife; that Charles S. Arthur is the nephew of Cassie Vance; that by reason of the receipt of certain property Charles S. Arthur and his wife became indebted to the estate of J. E. Shirk, deceased, and the estate of Cassie Vance.

Issues were joined by answer after which the court ordered Charles S. Arthur and Anna Pearson Arthur to make an accounting of all funds, money and property received from the estate of J. E. Shirk, deceased, or from Cassie Vance.

The defendants Charles S. Arthur and Anna Pearson Arthur have appealed to this court from this order in separate petitions in error filed in this cause and the plaintiffs have filed a motion to dismiss on the ground that the order is not a final order and the errors complained of cannot be presented to this court until there has been a final determination on the merits in the trial court.

The motion must be sustained. In Oklahoma City Land & Development Co. v. Patterson, 73 Okl. 234, 175 P. 934, this court said:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

Plaintiffs have cited the case of Warren v. Howell, 204 Okl. 674, 232 P.2d 934, in support of their position. That case is not applicable here. There, it is obvious we merely held that an order establishing *the existence of a partnership* was an appealable order. Our opinion makes it plain that said order pertained to the merits of the action and that the accounting sought was merely incidental and dependent upon a prior determination of that primary and principal issue. Here, the order of the trial court for an accounting was purely an interlocutory order and any error therein cannot be presented here until final judgment in the case.

There is also filed in this case an application to stay the proceedings in the trial court pending this appeal. The application to stay the proceeding is denied and the appeal is dismissed.