**D. J. STATEN, formerly d/b/a Staten Grocery, Plaintiff in Error,**

v.

**Lucille McMAHAN, Defendant in Error.**

No. 37712.

Supreme Court of Oklahoma.

March 10, 1959.

As Amended April 6, 1959.

Suits & Weiss, by Fred E. Suits, Oklahoma City, for plaintiff in error.

Robert G. Grove and Stagner & Alpern, Oklahoma City, for defendant in error.

WELCH, Justice.

This action was filed by Lucille McMahan, plaintiff, against D. J. Staten, for wages based upon an alleged oral contract of employment. The parties waived a jury and agreed that the court could try the case. Judgment was rendered for plaintiff, finding that there was an oral contract of employment, although there was never an amount agreed upon to be paid as wages; that plaintiff had worked at grocery stores for defendant for 220 hours; that a reasonable wage was 65 cents per hour, and that plaintiff should recover from defendant the sum of $143. It is from this judgment defendant has appealed.

Defendant argues appeal under five propositions, the gist of the first three being that, the judgment is not sustained by sufficient evidence and is contrary to law. Therefore we will discuss these three together.

The evidence is conflicting to some extent, however, we find from the record that the plaintiff testified that prior to the time she started working for defendant he had stated he needed her to help him out at the grocery store, and on the basis of this statement she started working and worked at various intervals; that she had worked altogether 210 hours for which she had not been paid. Her further testimony revealed that she had been doing work of a similar nature for another business concern and had received as wages the sum of $1 per hour. One witness, a route man for Borden Dairy Company, testified that on various occasions when he would make deliveries, he observed that plaintiff would be working in the store of defendant. Another witness, Billy Johnson, who was employed by the defendant, testified that plaintiff was in the store working for defendant on days when he would come to work at one o'clock in the afternoon.

The only testimony presented on behalf of the defendant was that of the defendant himself who testified that he never at any time agreed to employ the plaintiff, and that she never at any time performed any services for him. The defendant was, during the periods referred to herein, employed elsewhere and that he called the store every morning and came by about six o'clock every evening to check on its operation; that he worked in the store on Saturdays.

In the case of Oklahoma State Bank of Ada v. Mitchell, 179 Okl. 567, 66 P.2d 920, we held:

"Finding and judgment of trial court, in a law action tried without a jury, will not be disturbed on appeal for insufficiency of evidence to sustain the judgment, where there is any competent evidence reasonably tending to support it."

We are of the opinion that there is sufficient competent evidence to support the judgment of the trial court here.

The defendant next argues that the contract of employment was in violation of the statute of frauds. Defendant cites St. Louis Trading Co. v. Barr, 168 Okl. 184, 32 P.2d 293, as authority for argument. We find this case to be based upon a contract to employ for a period of twenty-two months, and the action was for breach of contract. Therefore not applicable to the question presented here.

In the case of Sosbee v. Clark, 86 Okl. 198, 207 P. 732, we held:

"An oral agreement may be a continuing contract and extend for more than one year and not be within the statute of frauds, if the contract may be terminated at any time by either party."

Here, there was no definite time which the plaintiff had agreed to work for defendant, or that defendant had agreed to employ plaintiff, either could have terminated the employer-employee relationship at any time. This is not an action based upon a contract of a nature that would come under the rule established by the statute of frauds or the authority cited by defendant.

The defendant further argues that the plaintiff's suit is upon an express contract of employment and full performance is pleaded, and in such a situation no recovery can be had upon quantum meruit.

The following cases cited as authority, Oklahoma Natural Gas Co. v. Herren, 200 Okl. 480, 195 P.2d 278, and Dunn v. T. J. Cannon Co., 51 Okl. 382, 151 P. 1167.

In both of the above cited cases the action was based upon express contracts and all of the terms of contracts were set forth in petition. Here the petition only states that services were rendered, and alleges what the customary wage was for such services, and no definite and detailed contract is pleaded. Therefore the cases relied upon by defendant are not exactly applicable.

This court in the case of Producers' Supply Co. v. Shirley, 69 Okl. 117, 170 P. 504, held:

"Where a petition alleges facts showing a contract, the performance thereof by plaintiff, and the amount due plaintiff, but is indefinite and uncertain as to whether the contract was express or implied, no attack having been made upon the uncertainty of the petition, a variance does not arise because the proof shows that plaintiff is entitled to recover upon quantum meruit, and not upon express contract."

Also see Dunn v. T. J. Cannon Co., supra.

Since the defendant failed to attack the uncertainty of petition on this point, and no timely objection having been made as to the evidence, we consider this argument without merit.

The plaintiff filed with this court her cross-petition in error on April 2, 1957, alleging that trial court committed error in refusing to include attorney's fee for prevailing party as provided. Title 40 O.S. Supp.1955 § 165.9.

Defendant, plaintiff in error here, in his brief calls to our attention that no motion for new trial was filed in trial court by plaintiff.

It is a well-established rule of this court that errors occurring during the trial of a case cannot be considered in this court unless a motion for a new trial founded upon and including such errors has been made by the party complaining and presented to the trial court and by it denied. Gassaway v. Skiveers, 182 Okl. 9, 75 P.2d 1149; Oklahoma Natural Gas Company v. Pickett, 208 Okl. 671, 258 P.2d 186.

Judgment affirmed.

DAVISON, C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., dissent.