A. N. PORTER, Plaintiff in Error,

v.

Essie TAYER et al., Defendants, and Eddie McDuffy and Erie McDuffy, Intervenors, Defendants in Error.

No. 39913.

Supreme Court of Oklahoma.

July 16, 1963.

Supplemental Opinion on Rehearing Oct. 8, 1963.

Elliott, Woodard & Meister, Ted R. Elliott, Oklahoma City, plaintiff in error.

LeRoy Powers of Stagner, Alpern & Powers, and John F. Eberle, Oklahoma City, for Eddie McDuffy and Erie McDuffy, Intervenors, defendants in error.

IRWIN, Justice.

On October 14, 1958, the State of Oklahoma ex rel. Department of Highways, commenced condemnation proceedings to condemn certain property in Oklahoma City.

A. N. Porter, plaintiff in error, owner of a tax deed on the property was named as owner and principal defendant. The property was appraised by the Commissioners for $2,750.00, and said amount was deposited in the office of the Court Clerk. The State took possession of the property and no demand was made for a jury trial.

On December 19, 1958, Eddie McDuffy, one of the defendants in error, who was the legal owner of the property when the same was sold for taxes and the tax deed issued, filed his Petition in Intervention and alleged that he was the owner of the property and entitled to the proceeds from the condemnation proceedings. This cause came on for hearing on December 1, 1959, and evidence was introduced.

On December 2, 1959, Erie McDuffy, one of the defendants in error and wife of Eddie McDuffy, filed her Petition in Intervention and alleged her homestead rights, and prayed that her interest in the property be established.

Although the record does not contain a judgment of the trial court entered on March 11, 1960, or a Minute thereon, Erie McDuffy, on May 24, 1961, filed her application For Hearing on Settlement of Journal Entry. In this application she alleged that a judgment was entered on March 11, 1960, in her favor which provided she make good her tender of all taxes, penalties and costs which the court might find due and owing; that no evidence had been received on the amount required and the parties were unable to agree so that a journal entry could be filed. She prayed that the trial court set the case for further hearing for the purpose of determining the amount she should be required to deposit or to have deducted from the condemnation funds on deposit to make good her tender and "upon such hearing to settle the journal entry of judgment to be entered and filed of record in this case". On June 22, 1961, Erie McDuffy filed a Written Tender of Taxes, Penalties, Interest and Costs, and alleged that it supplemented the tender made

by her on December 2, 1959, to the County Treasurer of Oklahoma County.

The application of Erie McDuffy, for settlement of Journal Entry was heard on July 17, 1961. Porter objected to any evidence being submitted for the alleged reason the cause has been previously tried and judgment entered. The trial court overruled his objections and exceptions allowed.

On July 24, 1961, a Journal Entry of Judgment was filed which set forth that on March 11, 1960, the court had considered the evidence and being fully advised found that (1) the tax deed procured by Porter is a valid deed as to the interests in the property of Eddie McDuffy, (2) that said tax deed is void, insofar as it affects the interest of Erie McDuffy, and should be cancelled as to such interest. The judgment then confirmed the tax deed in favor of Porter against Eddie McDuffy and cancelled the tax deed as to the interests of his wife, Erie McDuffy. The journal entry further stated that on July 17, 1961, the application of Erie McDuffy for settlement of journal entry came on for hearing and found the tender to be $783.90, which included interest to March 11, 1960, and the expenses of Porter to be $156.45. The court then ordered the Court Clerk to disburse the said sums to Porter and the residue of the money to Erie McDuffy. It further stated that "Now on this 17th day of July, 1961, the motion for new trial of A. N. Porter, defendant, coming on for hearing and the court being fully advised, finds that the same should be overruled". The order then overruled Porter's motion for a new trial.

On July 20, 1961, Porter filed his motion for a new trial "as to that part of the judgment rendered on July 17, 1961, as pertains to the tender involved in this action." He then alleged the errors complained of and prayed that he be granted a new trial as to the issue tried on July 17, 1961. Porter's motion for new trial was overruled on July 20, 1961.

Porter perfected his appeal from the order overruling his motion for a new trial.

## PROPOSITION I

■ Porter contends that where a judgment has been entered sustaining a Certificate Tax Deed, and denying any relief to the record owner of the real property, it is a complete judgment and vests full title in the tax deed holder, and a further judgment rendered, at the same trial between the parties, holding the same tax deed also void as to the "interest" of the wife of the record owner, is a nullity, as there can be only one final judgment rendered in an action.

It seems to be the theory of Porter, that the trial court rendered a final judgment on March 11, 1960, which determined the ownership of the property, and that portion of the judgment holding the tax deed void as to the interest of Erie McDuffy, the wife of the prior record owner is a nullity.

As heretofore stated, on July 20, 1961, Porter filed a motion for a new trial "as to that part of the judgment rendered on July 17, 1961, as pertains to the tender involved in this action * * *." Therefore, the motion for new trial filed on July 20, 1961, does not relate or have reference to the trial court's judgment concerning ownership of the property or the invalidity of the tax deed as against the interests of Erie McDuffy. Nor does said motion for new trial relate to or include as a specification of error the proposition set forth above which is urged by Porter.

The Court is committed to the rule that error occurring during the trial of a case cannot be considered in this Court unless a motion for a new trial founded upon and including such errors has been made by the party complaining and presented to the trial court and by it denied. See Hall v. Pearson, 203 Okl. 221, 219 P.2d 617; Oklahoma Natural Gas Co. v. Pickett, 208 Okl. 671, 258 P.2d 186; and Staten Grocery v. McMahan, Okl., 337 P.2d 440. Therefore, unless Porter has included the error complained of in this proposition in another motion for new trial the same cannot be considered in this appeal.

In his brief, Porter states that he "filed his motion for new trial after the cause was tried and concluded on its merits, and after the Minute was made on March 11, 1960".

As heretofore stated, in the trial court's Journal Entry of Judgment entered on July 17, 1961, the trial court did overrule the motion for new trial of Porter and it was not the motion for new trial of Porter, "as to that part of the judgment rendered on July 17, 1961, as pertains to the tender involved * * *". However, the record contains no motion for new trial by Porter which relates to the proposition under consideration. We therefore hold that the proposition set forth as proposed by Porter cannot be considered by this Court for the reason that the record does not contain a motion for new trial founded upon and including this error complained of. Accordingly, that portion of the judgment entered on July 17, 1961, which determined that the tax deed in favor of Porter as against the interest of Erie McDuffy is void and is cancelled, is affirmed.

## PROPOSITION II

. ˙ Porter contends that where money is paid in court in condemnation proceedings, and an alleged claimant tenders the taxes, penalties, interest and costs for redemption from the money paid in court in the condemnation proceedings, that this is not a valid tender when a request is made by the tax deed holder for a cash tender. He further contends that when a tax deed is cancelled, the trial court must determine the amount of the tender and fix the time within which it must be paid, and any judgment entered must condition the judgment cancelling the tax deed upon such payment, and failure of the judgment to so provide renders it a nullity.

If we correctly understand the contentions of Porter, he urges that the trial court entered a judgment in the case at bar on March 11, 1960, but in said judgment no provision for any tender was made; that the trial court thereafter reopened the case, went into the matter of tender, conducted a new complete hearing, and determined the amount due; that the subsequent hearing was out of time and the trial court was without jurisdiction then to hear and determine any amount for a tender.

Title 12 O.S.1961 § 681, provides that a judgment is the final determination of the rights of the parties in an action. In Davis v. Baum, 192 Okl. 85, 133 P.2d 889, we said that the law contemplates but one final judgment in an action. If we adopt the theory of Porter, the judgment which he relies upon, being the judgment of March 11, 1960, is the final judgment in this action. However, if we adopt his theory that the final judgment in the instant action was entered March 11, 1960, we find that said judgment became final for the reason that Porter did not file a motion for new trial against the judgment of March 11, 1960, if one was rendered, as provided by Title 12 O.S.1961 §§ 651, 653, and 654. However, we are of the opinion that the trial court did not render a final judgment in the instant action March 11, 1960, but on July 17, 1961. We further conclude that the trial court had determined the amount of tender prior to rendition of said judgment rendered on July 17, 1961.

Since Porter obtained a judgment against Eddie McDuffy and his motion for a new trial was directed only against the judgment rendered in favor of Erie McDuffy, we will consider the question of tender as the evidence relates to her.

Erie McDuffy was permitted to intervene in the action during the second day of the trial, over the objections of Porter. Porter did not object to her testimony and she stated that she was still willing to pay all the taxes, penalty, interest and costs against the property. Prior to this time she had made a tender to the County Treasurer. Porter did not at that time, nor on cross-examination request that she make her tender in court. Porter did, however, on December 2, 1960, renew his motion to dismiss because tender had not been made.

On June 22, 1961, Erie McDuffy filed her "Written Tender of Taxes, Penalties, interest and cost" and on May 24, 1961, filed her application for hearing on Settlement

of Journal Entry. This application came on for hearing on July 17, 1961, and Porter objected to the introduction in evidence of the County Treasurer's Tax Statement and further objected to any evidence being offered by Erie McDuffy "for the reason that the cause has previously been tried and judgment has been previously rendered". Later on, Porter objected to the form of tender and moved that the McDuffys "be required before determining the conclusions of the tender, that the same be made in cash and be paid into court". The objection was overruled. Thereafter, Erie McDuffy moved that "the court order such tender be deducted from the amount which is on deposit * * *, the property no longer being in existence as property, having been replaced with the commissioners' award, which is already on file".

Although Porter moved that the petition in intervention of Erie McDuffy be dismissed for failure to make a cash tender, whether or not it was necessary to make the cash tender before judgment was rendered was within the discretion of the trial court. See Title 12 O.S.1961 § 309; McLain v. Schuessler, 186 Okl. 365, 98 P.2d 1100; and Wilcox v. Westerheide, 199 Okl. 312, 185 P.2d 452, 173 A.L.R. 1171. In the instant action, the trial court did not order Erie McDuffy to make a cash tender but sustained her request that whatever tender be required that the same be set off or deducted from the commissioners' award which was already on deposit.

■ In Gibbons v. Foster, Okl., 296 P.2d 133, we held:

"Where a tender, as required by 68 O.S.1951 § 453 and 68 O.S.1951 § 360, is made in a pleading, it is not necessary to deposit the money in court when the pleading is filed, but it must be deposited prior to the rendition of judgment in favor of the party making the tender unless waived."

See also Morgan v. Whitehead, 196 Okl. 402, 165 P.2d 338; and Parks v. Lyons, 183 Okl. 529, 83 P.2d 573.

Without question, a legal tender was made in the instant action prior to rendition of the judgment on July 17, 1961, if such tender could be deducted from the amount deposited with the Court Clerk in the condemnation proceeding.

■ This presents an issue of first impression before this Court which, under the circumstances in this case, may be summarized as follows: "Where the State of Oklahoma ex rel. Department of Highways, commences condemnation proceedings against property on which a tax deed has been issued, and the report of Commissioners is filed and a sum equal to the appraised value is deposited with the Court Clerk and no request for a jury trial has been made, is it error for the trial court to refuse to direct a cash deposit for all taxes, penalties, interest and cost by one contesting the validity of the tax deed and seeking to cancel it and allow the condemnation funds on deposit to be the tender of all taxes, penalties, interest and costs?"

In the instant action, there are no issues relating to the condemnation proceedings. There was deposited with the Court Clerk for the use of the owner the sum assessed and reported by the Commissioners and the condemnor had taken possession of the property. Therefore, the only issues before the trial court were the ownership of the property and the proportionate amount each owner was entitled to receive. Porter claimed the entire sum of $2,750.00 which was on deposit; the McDuffys claimed the $2,750.00, less any and all sums due Porter for the taxes, penalties, interest and costs. All litigants were completely protected during the course of the proceedings as sufficient funds were on deposit to protect all their rights regardless of the trial court's determination as to entitlement of the funds. To require an additional deposit would have been a vain and useless act. The trial court determined that Eddie McDuffy had no interest in the $2,750.00; that Erie McDuffy should be distributed the entire $2,750.00, less the costs, and the amounts

due Porter for the taxes, penalties, interest and costs.

We can only conclude that the trial court did not err in refusing to require Erie McDuffy to make a cash deposit of the tender required in the instant action.

## PROPOSITION III

■ Porter contends that "expenses" incurred incident to obtaining, procuring and defending a Certificate Tax Deed, are such expenses as should be allowed to the tax deed holder, before a judgment is entered cancelling such tax deed.

In determining this proposition, it should be pointed out that Porter does not contend that he is entitled to any portion of the condemnation funds by virtue of an alleged interest in the condemned property, if any he had, nor did his motion for new trial filed July 20, 1961, include a claim to a portion of the fund by virtue of any ownership, if any he had. The total effect of his contention here, and as set forth in his motion for new trial, relates to and includes only a claim for additional allowance as and for expense money as "expenses" upon cancellation of his tax deed.

In addition to the taxes, penalties, interest and costs allowed to Porter, he contends he was entitled to "expenses" for (1) cost for application for tax deed, $100.00; (2) costs of evicting tenants of McDuffy, $55.00, extension of abstracts, $45.00 and attorney fees, $75.00; (3) attorney fees in defending the present action, $250.00; his own expenses for attending four trials, $200.00.

Title 68 O.S.1961 §§ 453, provides:

"* * * when his action to set aside the tax deed is brought, or a defense to a recovery of possession is plead, tender in open court for the use of the holder of the tax deed, all taxes, penalties, interest and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, * * *."

Section 455 of the same title, provides:

"* * * and in case of action to avoid the deed not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the party commencing such action."

We have never placed a construction on the word "expense" as that word is employed with reference to obtaining or cancelling tax deeds, but we have made reference to "expenses". In Meriwether Bowling, 184 Okl. 1, 84 P.2d 1, we held:

"* * * it is the duty of the trial court to require compliance with the tender statutes and the payment of the taxes, interest, penalties, costs and expenses *legally assessed against the land* as a condition precedent to entering judgment in favor of the plaintiff. * * *" (emphasis ours)

In the case of Parks v. Lyons, 183 Okl. 529, 83 P.2d 573, we held:

"Under Sections 12761 and 12763, O.S. 1931, 68 Okl.St.Ann. §§ 453 and 455, a defendant asking affirmative relief * * * must, in his cross-petition or answer attacking the deed, tender all the taxes, interest, penalty, costs and *expenses assessed* against the land. * * *" (emphasis ours)

And in the case of Welch v. Ayers, 190 Okl. 97, 121 P.2d 576, we held:

"* * * it is not necessary that the plaintiff in such petition tender the amount of taxes, interest, penalties, costs and *expenses assessed against the land* * * *". (emphasis ours)

We can only conclude that the word "expense" as employed in Title 68 O.S.1961 § 455, includes only those expenses legally assessed against the property, and do not include personal expenses of the holder of the tax deed in obtaining the tax deed or defending the alleged invalidity of such deed.

We therefore hold the trial court did not err in refusing to allow Porter the personal

ormore.

expenses incurred by him in obtaining the tax deed and defending its alleged invalidity.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.

## SUPPLEMENTAL OPINION ON REHEARING

PER CURIAM.

Concurrently with his petition for rehearing Porter filed an application seeking leave to withdraw the case-made for its amendment nunc pro tunc before the trial judge.

■ Porter concedes that the case-made now on file does not reflect that errors allegedly made by the trial court in its order of March 11, 1960, were included by him in a motion for new trial. According to Porter's application, and the exhibits appended thereto, these errors were in fact assigned by him in a motion for new trial addressed solely to the order of March 11 and filed below on March 15, 1960. The claim is made that the motion of March 15 was inadvertently omitted from the case-made and the journal entry of judgment as contained in the record fails to "clearly reflect" the trial court's adverse disposition of this motion at the same time Porter's other motion for new trial (of July 20, 1961) was also overruled.

Upon careful re-examination of our opinion herein and a review of the record on file, we are constrained to conclude that the proposed amendment of the case-made, if effected, would not change, in any way, the basic complexion in which this case now stands for appellate review.

The order of March 11 effected *no disposition* of the ultimate issue in this cause which was the apportionment or distribution of the condemnation award. This was neither a suit for cancellation of a deed nor one to quiet title, but an ancillary proceeding, in the nature of an equitable interpleader, between adverse claimants to a fund in custodia legis. The title to the land had already passed to the condemnor: The question of the right to or interest in the land was but incidental. The ultimate object in this controversy was to establish a claim *against the fund* and procure its disbursement. Without the necessary determination of the amount, if any, each successful claimant was entitled to recover from the fund, there could be no final judgment in this proceeding. See in this connection Emerson v. Lewis, Okl., 274 P.2d 529, 531; Arthur v. Arthur, Okl., 258 P.2d 1191, 1192. There can be no final judgment until all issues raised by the pleadings, except such as are waived or abandoned, have been determined, all further inquiry thereinto concluded and nothing else left to be done except carry the judgment into execution. Wells v. Shriver, 81 Okl. 108, 197 P. 460.

■ Measured in the light of this rule, the order of March 11 was but interlocutory in nature. Since it did not dispose of all the issues in the proceeding, it did not rise to the dignity of a "judgment." It amounted merely to an announcement by the trial judge "of what judgment the court would render when all of the issues raised by the pleadings had been tried out." Foreman v. Riley, 88 Okl. 75, 211 P. 495.

■ A motion for new trial, addressed to an interlocutory order and prematurely filed before pronouncement of a final judgment, will not operate to preserve for review any assignments of error made therein. The statute prescribes when a motion for new trial shall be filed. Such motion, when prematurely filed, is as much out of time as when it is filed too late. Barrows v. Cassidy, 113 Okl. 114, 239 P. 581; see also Friend et al. v. Holcombe, 196 Okl. 111, 162 P.2d 1008.

Were we to allow Porter to include in the case-made the omitted premature motion, the incorporation thereof into the record would afford him no opportunity to assert in this appeal any errors made by the trial court in the order of March 11. Such errors should have been included in the mo-

tion for new trial filed by Porter after final judgment herein on July 17, 1961. The omission sought to be supplied by Porter would hence be of no benefit to him in procuring appellate consideration of the errors, if any, made by the trial court in its order of March 11, 1960.

Under 12 O.S.1961, § 959, this court is authorized to permit amendment of case-made before final disposition of appeal, but leave to institute correction proceedings will be denied if it appears that the omission or deficiency sought to be supplied in the record is immaterial to the issues presented and could not alter appellate disposition of the cause. In re Hervey, 107 Okl. 150, 231 P. 84.

The corrections sought to be effected would be vain and useless. The application for leave to withdraw case-made for its amendment nunc pro tunc is accordingly denied.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.